IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID LEE LEWIS,      \*
ADC #083252      \*
         Petitioner,      \*
v.      \*
     \*    No. 5:15CV00318-JJV
WENDY KELLEY, Director,      \*
Arkansas Department of Correction      \*
     \*
     \*
         Respondent.

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254, filed by David Lewis, an inmate in the Grimes Unit of the Arkansas Department of Correction (ADC).

**I.  BACKGROUND**

In September 1985, a Desha County jury sentenced Petitioner David Lewis to fifty-four years of imprisonment in the Arkansas Department of Correction (ADC). He was convicted of aggravated robbery and first-degree battery and was sentenced to thirty years and twenty-four years of imprisonment respectively. These sentences were to run consecutively. (Doc. No. 1.)

Mr. Lewis filed the current Petition for Writ of Habeas Corpus on October 13, 2015, arguing his due process rights are being violated. He contends his incarceration is unconstitutional because he should have been released in September 2015. (*Id.*) He asks the Court to grant his immediate release or show cause why his relief should not be granted. Respondent counters that Mr. Lewis's claims are not cognizable in a federal habeas petition. (Doc. No. 8.) She also stated Mr. Lewis would be going before a parole board in January 2016. (*Id.*) Because release seemed imminent, I

ordered the parties to notify me of Mr. Lewis's status after the parole board hearing. (Doc. No. 10.) On February 1, 2016, Mr. Lewis notified the Court he did not appear before the parole board and will not appear until he obtains a Class II inmate status. (Doc. No. 12.) He also argues he is entitled to release because he has served over thirty years of his sentence. For the following reasons, I disagree.

## II.   ANALYSIS

Petitioner believes he should be released because he has served his entire thirty-year sentence. (Doc. No. 11.) However, Mr. Lewis's sentence was thirty years followed by twenty-four years. If serving day for day, Mr. Lewis would have twenty-three years remaining. As stated on the ADC time computation card (*Id.* at 4), Mr. Lewis's discharge date is August 7, 2024.[1] While Mr. Lewis argues he should have been released because he served his complete sentence, he is actually only now eligible for early release based upon parole. Be that as it may, there is no constitutional right to an inmate being paroled.

In fact, long standing precedent concludes there is no liberty interest in discretionary parole decisions. *Persechini v. Callaway*, F.3d 802, 807 (8th Cir. 2011); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate does not have constitutionally protected liberty interest in possibility of parole); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest). Furthermore, the United States Court of Appeals for the Eighth Circuit has held that Arkansas parole statutes do not create a liberty interest. *Parkver v. Corrothers*, 750 F.25 653, 655 (8th Cir. 1984). The Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections. For instance, the Parole Board is vested with discretion that they "may release on parole any individual eligible under § 16-

---

[1]According to Mr. Lewis, he has thirteen years good time credit (Doc. No. 12) and he served 417 days pretrial jail time. (Doc. No. 11 at 4.)

93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." Ark. Code Ann. § 16-93-701(a)(1).

Mr. Lewis is parole eligible and has been since July 21, 2015.[2] He would have gone before a parole board in January 2016 if not for a disciplinary that lowered his inmate classification. Even so, when Mr. Lewis does go before the parole board, it is within their discretion to decide if he will be released or remain imprisoned based on whether he can be released without detriment to the community. Because Mr. Lewis does not have a liberty interest in being released on parole, his constitutional rights are not being violated, and his Petition must be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As previously stated, an Arkansas inmate does not have a constitutional right to parole and, therefore, a certificate of appealability will not be issued.

### IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Mr. Lewis's cause of action is DISMISSED with prejudice, and the requested relief is DENIED.

2.    A certificate of appealability will not be issued.

---

[2] Arkansas Department of Correction Inmate Search, http://adc.arkansas.gov/inmate_info/search.php (last visited Feb. 3, 2016).

SO ORDERED this 8th day of February 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE